## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

B.E. TECHNOLOGY, L.L.C.,

          Plaintiff,

    v.

TWITTER, INC.,

          Defendant.

C.A. No. 1:20-cv-00621-LPS

**JURY TRIAL DEMANDED**

### [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiff B.E. Technology, L.L.C. ("Plaintiff" or "B.E."), and Defendant Twitter, Inc. ("Defendant" or "Twitter") (Plaintiff and Defendant may be referred to as the "Parties"), recognize that information and materials sought, produced, and/or exhibited in this matter by the Parties or produced by third parties may contain confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action would be warranted.

To expedite the flow of discovery material, to facilitate prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure only materials entitled to such confidentiality are subject to confidential treatment, and to ensure the Parties are permitted reasonably necessary use of such materials in preparation for and during trial, the Parties hereby stipulate to the following protective order. Pursuant to Federal Rule of Civil Procedure 26(c),

**IT IS HEREBY ORDERED THAT**:

1.    **PURPOSES AND LIMITATIONS**

This Protective Order is intended to protect confidential, proprietary, and/or private information that is likely to be produced or disclosed in this action for which special protection from public disclosure is permitted and desirable. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The Parties further acknowledge, as set forth in Section 8, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; D. Del. L.R. 5.1.3 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2. __DEFINITIONS__

2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items:</u>  Confidential information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>Counsel (without qualifier):</u>  Outside Counsel or In-House Counsel and all support staff thereof.

2.4     <u>Designated In-House Counsel</u>: In-House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     <u>Designating Party:</u> A Party or Non-Party that designates information or items that it produces in Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY

2

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     <u>Disclosure or Discovery Material:</u>   All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, generated, or otherwise provided in this action by the Parties or by Non-Parties.

2.7     <u>Expert:</u>   A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action,  (2) is not a current officer, director or employee of a Party or of a competitor of a Party, and (3) at the time of retention, does not anticipate becoming an officer, director or employee of a Party or of a competitor of a Party.  Nothing in this order purports to change the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

2.8     <u>"HIGHLY  CONFIDENTIAL – ATTORNEYS'  EYES  ONLY"  Information  or Items:</u> extremely sensitive "CONFIDENTIAL" Information or Items (as defined in 2.2 *supra*) whose disclosure to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means.

2.9     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:</u> extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs,

disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10   <u>In-House Counsel:</u>  Attorneys who are members in good standing of at least one state bar, who are employees of a Party and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   <u>Outside Counsel:</u>  Outside litigation counsel of record and attorneys and supporting personnel employed in the law firm(s) of outside counsel of record, such as paralegals, clerks and assistants.

2.13   <u>Party:</u>  Any Party to this action.

2.14   <u>Producing Party:</u>  A Party or Non-Party that discloses or produces Disclosure or Discovery Material in this action.

2.15   <u>Professional Vendors:</u>  Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; electronically stored information (ESI) consulting or document management; preparing exhibits or demonstrations; document management; jury consulting; mock trial coordination; translators) and their employees and subcontractors (including, but not limited to, mock jurors) who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

4

2.16    <u>Protected Material:</u>  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order.

2.17    <u>Receiving Party:</u>  A Party that receives Disclosure or Discovery Material from a Producing Party in this action.

## 3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined *supra*), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations thereof; and (3) any testimony, conversations, or presentations by a Party or Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.    <u>DURATION</u>

Even after the final disposition of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees or a court order directs otherwise. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this

action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**     **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations:</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below) or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

designated before the material is disclosed or produced.  Designation in conformity with this Order shall be made as follows:

(a)     For information in documentary (including "electronically stored information") form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" (as appropriate) conspicuously on each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied or produced.  During the inspection and before the designation, all material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall specify any portions of the testimony that it wishes to designate and to

7

specify the level of protection being asserted no later than 21 business days after the final transcript of the deposition has been received.  Alternatively, when it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may identify the entirety of a transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

       Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to

LIVE 10971845v.1

the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

       (c)    For information produced in some form other than documentary form, and for any other tangible items, the Designating Party shall affix, in a prominent place on the exterior of the medium, container or containers in which the information or item is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

       5.3    Inadvertent Failure to Designate Properly:  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the material is to be designated.  Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order.  The Designating Party shall provide substitute copies of documents bearing the confidentiality designation.  Upon receiving substitute copies, the Receiving Parties shall return or securely destroy, at the Designating Party's option, all material that was not designated properly.

9

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges:</u> Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer:</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by identifying, in writing, the documents or information that the Challenging Party contends should be differently designated or de-designated, and the basis for its belief that the confidentiality designation is improper. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Designating Party shall, within seven (7) calendar days after receiving such written notice, advise the challenging Party, in writing, of the basis for its designation or re-designation. Within seven (7) calendar days thereafter, the parties shall meet and confer directly (in voice to voice dialogue; other forms of communication are not sufficient) in good faith to resolve the matter. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer

10

process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention:</u>   If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under D. Del. L.R.  7.1.2 (and in compliance with D. Del. L.R. 5.1.3, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## 7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles:</u>  A Receiving Party may use Protected Material that is disclosed or produced by another Party or Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever.  Such Protected Material may be disclosed only to the categories of

11

persons and under the conditions described in this Order.[1]  When this action has been terminated, a Receiving Party must comply with the provisions of Section 10 (FINAL DISPOSITION), below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a reasonably secure manner that ensures access to the Protected Material is limited to the persons authorized under this Order.  Protected Material shall not be copied or otherwise reproduced by a Receiving Party, except for review by qualified recipients, without the written permission of the Producing Party or by further order of the Court.

7.2     Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     No more than three In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary to conduct this action and who have signed the

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

LIVE 10971845v.1

"Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (attached hereto as Exhibit A) and provided an executed copy to all Parties prior to receiving Protected Material;

(c)     Experts (as defined in Section 2.7, *supra*) of the Receiving Party to whom disclosure is reasonably necessary to conduct this action and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) and provided an executed copy to all Parties prior to receiving Protected Material and for which no unresolved objections to such disclosure exist after compliance with the requirements set out in Section 7.5 below;

(d)     The Court and its personnel;

(e)     Any designated arbitrators or mediators who are assigned to hear this matter, or who have been selected by the Parties, and their staff, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(f)     stenographic reporters, videographers and/or their staff, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary to conduct this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information;

(h)      During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, Receiving Party must provide notice sufficient to allow the Designating Party to object. Pages of transcribed deposition testimony or exhibits to

13

depositions that reveal Protected Material must be separately bound by the court reporters and may not be disclosed to anyone except as otherwise permitted under this Stipulated Protective Order; and

(i)     Any other person with the prior written consent of the Designating  Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom disclosure is reasonably necessary to conduct this action;

(b)     Experts (as defined in Section 2.5, *supra*) of the Receiving Party to whom disclosure is reasonably necessary to conduct this action and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) and provided an executed copy to all Parties prior to receiving Protected Material and for which no unresolved objections to such disclosure exist after compliance with the requirements set out in Section 7.5 below.;

(c)     The Court and its personnel;

(d)     Any designated arbitrators or mediators who are assigned to hear this matter, or who have been selected by the Parties, and their staff, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

14

(e) stenographic reporters, videographers and their respective staff, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information, unless the Designating Party objects to the disclosure; and

(g) Any other person with the prior written consent of the Designating Party.

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to three Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below and specifically identified as eligible to access "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, have been followed;

(c) the Court and its personnel;

(d) stenographic reporters, videographers and their respective staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and are transcribing or

15

videotaping a deposition wherein "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items are being discussed, provided that such reporters and videographers shall not retain or be given copies of any portions of the source code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers.

(e) while testifying at deposition or trial in this action only: any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items except while so testifying. Only printed copies of the Source Code will be provided to testifying witnesses during their testimony.

7.5    Procedures for Approving Disclosure of Protected Material or Items to Experts:

(a)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 7.3(b) or 7.4(b) first must notify, in writing (including, e.g., via email), the

16

Designating Party[2] of its intent to make such a disclosure.  The notification shall include a copy of the Expert's current *curriculum vitae* and must identify:

      (i)     The category or categories of Protected Material that the Receiving Party seeks permission to disclose to the Expert;

      (ii)     The full name of the Expert and the city and state of the Expert's primary residence;

      (iii)     The Expert's current employer(s);

      (iv)     Each person or entity from whom the Expert has received compensation or funding for work in his/her area of expertise or to whom the expert has provided professional services in his/her area of expertise, including with a litigation, at any time during the preceding five (5) years[3];

      (v)     Any litigation  (by name and number of the case, filing date, and court) in connection with which the Expert has provided any professional

---

[2] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

services in his/her area of expertise, including through a declaration, report, or testimony at a deposition, during the preceding five (5) years; and

(vi)     Any previous or current contractual relationship with any of the Parties.

(b)     A Party that makes a request and provides the information  described in the preceding section may disclose the subject Protected Material to the identified Expert unless; within fourteen (14) calendar days of delivering the request, the Party receives a written objection to the disclosure, in writing (including, e.g., via email), from the Designating Party (any such objection must set forth in detail the grounds on which it is based).

(c)     A Party that receives a timely written objection as described in the preceding section must meet and confer with the Designating Party (through direct  voice to voice dialogue) to try to resolve the matter by agreement within seven (7) calendar days following the objection.  Only if no agreement is reached after the meet and confer, the Designating Party may seek the Court's assistance in accordance with the Court's procedures for resolving discovery disputes.  In any such proceeding, the Designating Party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the specific designated Expert.

(d)     If relief is sought, designated material shall not be disclosed to the Expert in question until the Court resolves the objection.

(e)     If relief from the Court is not sought within thirty (30) calendar days after the meet and confer, the objection shall be deemed withdrawn.

**8.     <u>FILING PROTECTED MATERIAL</u>**

All Protected Material must be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

## 9.      USE OF PROTECTED MATERIAL AT COURT HEARINGS OR TRIAL

A Party shall provide a minimum of two business days' notice to the Producing Party in the event that a Party intends to use any Protected Material during trial.  The use of Protected Material at trial shall be as directed by the Court.  In the event that any material designated as Protected Material is used in hearings or at trial, a Party may request that the Court close the courtroom, but the decision of whether to do so rests with the judge presiding at the hearing or proceeding.  Subject to any challenges under Section 6, to the extent a Party believes that a Producing Party's request that the courtroom be sealed is reasonable, such Party shall not oppose such request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

## 10.     FINAL DISPOSITION

10.1     Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after the final termination of this action, including all appeals, each Receiving Party must, at the Producing Party's request, destroy or return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, theReceiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

LIVE 10971845v.1

Designating Party) by the ninety (90)-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

10.2    Notwithstanding the preceding section, Counsel are entitled to retain an archival copy of all pleadings, motion papers, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information for archival purposes only..   Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, *supra*.   In addition, notwithstanding the preceding section, Counsel are entitled to retain any copies that exist on back up tapes or other media used for disaster recovery purposes.

## 11.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

11.1    If a Receiving Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in another action or proceeding that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE", the Receiving Party must so notify the Designating Party, in writing and within a reasonable time not to exceed ten (10) calendar days,

so that the Designating Party has an opportunity to object to the disclosure of Protected Material. Such notification must include a copy of the subpoena or court order.

      11.2    The Receiving Party must also inform, in writing and within a reasonable amount of time not to exceed ten (10) calendar days, the Party or court that caused the subpoena or order to issue in the other action or proceeding that some or all the material covered by the subpoena or order is the subject of this Order. Such notification shall include a copy of this Stipulated Protective Order.

      11.3    The Receiving Party shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  The purpose of imposing this duty is to alert the interested parties to the existence of this Protective Order and afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  If the Designating Party timely[4] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in that other court.

---

[4] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 11.1 to seek a protective order.

21

11.4    Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey or ignore a lawful directive from another court.

## 12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that it has disclosed, by inadvertence or otherwise, Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify the Designating Party, in writing, of the unauthorized disclosure(s); (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person(s) execute the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

## 13.    <u>LIMITATIONS ON PATENT PROSECUTIONS, REEXAMINATIONS AND ACQUISITIONS</u>

13.1    Absent written consent from the Producing Party, any individual who reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to targeted advertising of the type disclosed in the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office.  For purposes of this paragraph, "prosecution" means directly or indirectly drafting or amending, or advising on the drafting or amending of, patent claims. To avoid any doubt, "prosecution" as used

22

in this paragraph does not mean advising or representing a party before a domestic or foreign agency in a reissue, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, covered business method review, or post-grant review proceeding. For the further avoidance of doubt, any person subject to this prosecution bar shall not have any involvement in a motion seeking to amend the claims of any patent owned by that party in an IPR proceeding or any similar post-grant proceeding. This Prosecution Bar shall begin when the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first reviewed by the affected individual and shall end two (2) years after final termination of this action, including all appeals. The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney who reviews Prosecution Bar Materials and shall not be imputed to any other persons or attorneys at the attorneys' law firm. It is expressly agreed that attorneys who work on this matter without reviewing Prosecution Bar Materials shall not be restricted from engaging in Prosecution Activity on matters that fall within the Prosecution Bar. An ethical wall shall be instituted between any attorney who reviews Prosecution Bar Materials and any attorney at the attorneys' law firm who engages in activity subject to the foregoing bar.

13.2     Absent written consent from the Producing Party, any individual who reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in activity related to: (i) the acquisition of patents or patent applications (for any person or entity) relating to targeted advertising of the type disclosed in the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information; or (ii) advising or counseling

23

clients regarding such acquisition.  This Acquisition Bar shall begin when the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first reviewed by the affected individual and shall end two (2) years after final disposition of this action as provided herein.

## 14    SOURCE CODE

14.1    To the extent production of source code becomes necessary in this case, a Producing Party may designate material as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises, includes, or substantially discloses confidential, proprietary or trade secret source code or algorithms.  This material may include, among things, technical design documentation that comprises, includes, or substantially discloses source code or algorithms.

14.2    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in section 13.1 and the Acquisition Bar set forth in Paragraph 13.2, and may be disclosed only as set forth in Paragraph 7.4.

14.3    Any source code produced in discovery shall only be made available for inspection, not produced except as set forth below, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at (1) an office of the Producing Party or the Producing Party's primary Outside Counsel of record or (2) another mutually agreed-upon location. Any location under (1) or (2) shall be within the United States. The source code shall be made available for inspection on a secured computer (the

24

"Source Code Computer") in a secured, locked room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The secured computer shall have disk encryption and be password protected.  Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the source code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The computer containing source code will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than 3 business days in advance of the requested inspection. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

       14.4    No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL - SOURCE CODE" material, except that the Receiving Party may request paper copies of limited portions of source code, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the Receiving Party print more than 25 consecutive pages, or an aggregate total of more than 400 pages, of source code during the duration of the case without prior written approval by the

LIVE 10971845v.1

Producing Party. The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below.  At the inspecting Party's request, up to two additional sets (or subsets) of printed source code may be requested and provided by the Producing Party in a timely fashion. Even if within the limits described, the Producing Party may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

    14.5  The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all printed portions of the source code in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials. Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of Outside Counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access source code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to

transport the information to a hearing, trial or deposition. Except as provided in subsection (i) of this section, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.  Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[5]

14.6    The Receiving Party's Outside Counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

14.7    A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the

---

[5] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

LIVE 10971845v.1

locked room to view the source code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log.

   14.8 The Receiving Party's Outside Counsel shall maintain a log of all persons who receive copies of a Producing Party's source code from a Receiving Party.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the source code.

   14.9 Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).  The Receiving Party may create an electronic copy or image of limited excerpts of source code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents[6] ("SOURCE CODE DOCUMENTS").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been

---

[6] Drafts shall only include those excerpts the Receiving Party believes will be included in the final version.

encrypted using commercially reasonable encryption software including password

protection.  The communication and/or disclosure of electronic files containing any portion of

source code shall at all times be limited to individuals who are authorized to see source code

under the provisions of this Protective Order.    Additionally, all electronic copies must be

labeled "HIGHLY CONFIDENTIAL - SOURCE CODE."

14.10  To the extent portions of source code are quoted in a SOURCE CODE

DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY

CONFIDENTIAL- SOURCE CODE or (2) those pages containing quoted Source Code will be

separately bound, and stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

14.11  The Receiving Party shall maintain a log of all electronic images and paper

copies of Source Code Material in its possession or in the possession of its retained consultants,

including the names of the recipients and reviewers of any electronic or paper copies and the

locations where the copies are stored.

## 15.   **MISCELLANEOUS**

15.1   <u>Right to Further Relief:</u> Nothing in this Order abridges the right of any person to

seek further or additional protection of any Disclosure or Discovery Material or to seek

modification of the Order by the Court in the future. Furthermore, without application to the Court,

any party that is a beneficiary of the protections of this Order may enter a written agreement

releasing any other party hereto from one or more requirements of this Order even if the conduct

subject to the release would otherwise violate the terms herein.

15.2   <u>Right to Assert Other Objections:</u> By stipulating to the entry of this Protective

Order, no Party waives any right it otherwise would have to object to disclosing or producing any

29

information or item on any ground not addressed in this Order.  Similarly, no Party waives any

right to object on any ground to the use in evidence of any of the material covered by this Order.

      15.3   <u>No Restriction on Advising Client</u>:  Nothing in this Order shall be construed to

prevent Counsel from advising their respective clients regarding this case, even if Counsel must

rely on Protected Material in formulating such advice, as long as no Protected Material is disclosed

in violation of this Order.

      15.4   <u>No Agreement Concerning Discoverability</u>. The identification or agreed-upon

treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the

Parties that the disclosure of such categories of Disclosure and Discovery Material is required or

appropriate in this action. The Parties reserve the right to argue that any particular category of

Disclosure and Discovery Material should not be produced.

      15.5   <u>Limitation on Discovery from Experts</u>:  Absent good cause, and consistent with

Rule 26(b)(4) of the Federal Rules of Civil Procedure, drafts of expert reports and communications

between an Expert (as defined in Section 2.5) and a Party's Counsel are not discoverable except

as provided in Federal Rule of Civil Procedure 26(b)(4)(C).  Reports and materials exempt from

discovery under this section shall be treated as attorney work product for the purposes of this case

and Protective Order.

      15.6   <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of

this Stipulated Protective Order as of the date counsel for such party executes this Stipulated

Protective Order, even if prior to entry of this Order by the Court.

## 16.   <u>OTHER PROCEEDINGS</u>

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 17.   PRODUCTION OF PRIVILEGED DOCUMENTS OR OTHERWISE PROTECTED MATERIAL

17.1 When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If any Party, through inadvertence, produces any Disclosure or Discovery Material information that it believes is immune from discovery pursuant to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, the Producing Party may give written notice to the Receiving Party that such Disclosure and Discovery Material is deemed privileged and that return of such Disclosure and Discovery Material is requested.  Upon receipt of such written notice, the Receiving Party shall immediately gather the original and all copies of such Disclosure and Discovery Material of which the Receiving Party is aware and shall promptly destroy the original and all copies or return the original and all copies to the Producing Party.  For avoidance of doubt, the Receiving Party may

31

not retain a copy of the Disclosure or Discovery Material for any purpose including for the purpose of presenting such Disclosure or Discovery Material to the Court. Nothing herein prevents a Receiving Party from challenging the assertion of privilege with respect to the Disclosure or Discovery Material.

If the Producing Party discovers that privileged, work-product, or otherwise protected Disclosure and Discovery Material information has been inadvertently produced based upon the Receiving Party's use of such information during a deposition or hearing, the Producing Party may orally request the return of the information and that the Receiving Party immediately cease examination or argument regarding the document. Upon such an oral request, the Receiving Party shall immediately (a) return the Disclosure and Discovery Material information and all copies to the Producing Party, and (b) cease examination or argument regarding such information. The return of such Disclosure and Discovery Material to the Producing Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned Disclosure and Discovery Material on the basis that any privilege applicable thereto has been waived, moving the Court for an additional opportunity to present argument based on the disputed information, or moving the Court for an additional opportunity to depose or examine the witness about such information.

Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.

17.2    The use of keyword searching to screen for and prevent production of documents that are privileged, work product-protected, or immune from discovery under any other applicable privilege or immunity, constitutes "reasonable steps to prevent disclosure" under Federal Rule of Evidence 502(b).

## 18.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

18.1    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

18.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

33

(c)  make the information requested available for inspection by the Non-Party.

18.3    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[7] Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

19.    **Export Control.**

Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Material shall comply with all applicable export control statutes and regulations.  No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign person, as defined in 15 CFR Part 772.1, without proper authorization.  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  The restrictions contained within this paragraph may be amended through the consent of the Producing

---

[7] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Party to the extent that such agreed to amendments conform with applicable export control laws and regulations.

### 20. INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____  _____

Attorneys for Plaintiff

DATED: _____  _____

Attorneys for Defendant

LIVE 10971845v.1

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____        _____
                                          United States District Judge

36

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED</u>

<u>PROTECTIVE ORDER</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Delaware in the case of *B.E. Technology, L.L.C. v. Twitter, Inc.*, Civ. A. No. 1:20-cv-00621-LPS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature: _____
                          [signature]

37