# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| B.E. TECHNOLOGY, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> TWITTER, INC., <br><br> Defendant. | C.A. No. 20-621-GBW |
| B.E. TECHNOLOGY, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | C.A. No. 20-622-GBW |

## MEMORANDUM ORDER[1]

Having reviewed Defendant Google LLC's and Twitter, Inc.'s ("Defendants") motions to stay pending appeal of *inter partes* review ("IPR") Nos. IPR2021-00482, IPR2021-00483, IPR2021-00484, and IPR2021-00485 (D.I. 66 in C.A. No. 20-621-GBW; D.I. 64 in C.A. No. 20-622-GBW), their related briefing (D.I. 67; D.I. 71), and Plaintiff B.E. Technology's ("B.E.") responses thereto (D.I. 69; D.I. 72), IT IS HEREBY ORDERED that Defendants' motions (D.I. 66 in C.A. No. 20-621-GBW; D.I. 64 in C.A. No. 20-622-GBW) are DENIED for the reasons stated below.

---

[1] All D.I. citations refer to C.A. No. 20-621-GBW unless otherwise noted.

1

1. On May 7, 2020, B.E. filed separate complaints against Defendants, alleging that their respective targeted advertising methods and systems infringe United States Patent Nos. 8,549,410 ("the '410 patent"), 8,549,411 ("the '411 patent"), and 8,769,440 ("the '440 patent") (collectively "the Asserted Patents"). D.I. 1. All of the Asserted Patents expired in 2018. D.I. 67 at 2.

2. In response to Defendants' Motion to Dismiss, B.E. filed an amended complaint in February 2021. D.I. 34. Less than two weeks after B.E. served its amended complaint, Defendants filed four IPR petitions, collectively challenging all claims of the Asserted Patents. D.I. 69 at 5. In September 2021, the Patent Trial and Appeal Board ("PTAB") instituted proceedings on each of the four petitions. *Id.* Thereafter, on September 21, 2021, the parties stipulated to—and this Court ordered—a stay of all proceedings until the Final Written Decisions in the four IPR proceedings were issued. D.I. 62.

3. While these cases were stayed, the parties exchanged document productions, interrogatory responses, and engaged in meet and confers regarding discovery disputes. The parties also served infringement contentions and invalidity contentions, respectively (*see* D.I. 50; D.I. 54), and commenced claim construction by exchanging proposed claim constructions and filing a joint claim construction statement on September 1, 2021. D.I. 60.

4. The PTAB issued Final Written Decisions in IPR2021-00482 and IPR2021-00483 on September 1, 2022. D.I. 69 at 5. In those decisions, the PTAB determined that Defendants had shown by a preponderance of the evidence that claims 1–24 and 26–37 of the '440 patent are unpatentable but had not shown that claim 25 of the '440 patent is unpatentable. D.I. 62. On September 7, 2022, the PTAB issued a Final Written Decision in IPR2021-00484 and found claims 1–19 of the '410 patent are unpatentable. *Id.* On September 9, 2022, the PTAB issued a Final

Written Decision in IPR2021-00485, which held that claims 1–19 of the '411 patent are unpatentable. *Id.*

5. The stay of these cases was lifted upon the issuance of the Final Written Decision in IPR2021- 00485 on September 9, 2022. D.I. 62; D.I. 69 at 4-5. On November 2, 2022, B.E. filed notices of appeal of the PTAB's Final Written Decisions in all four IPR proceedings. D.I. 67 at 3. One day later, Defendants filed notices of cross-appeal concerning IPR2021-00482, in which the PTAB found that claim 25 of the '440 patent was not unpatentable. *Id.* On December 1, 2022, Defendants moved to stay these cases pending the parties' appeals (D.I. 66 in C.A. No. 20-621-GBW; D.I. 64 in C.A. No. 20-622-GBW), which B.E. opposed (D.I. 69 in C.A. No. 20-621-GBW; D.I. 66 in C.A. No. 20-622-GBW). Notably, B.E. has explained that, if Defendants' stay requests are denied, "these cases [would] proceed only with respect to claim 25 of the '440 Patent, and that any later-revived patent claims would not be asserted against Defendants" regardless of a successful outcome of B.E.'s appeals concerning the other claims of the Asserted Patents. D.I. 69 at 3, 7; *see also* D.I. 72-2 at 1.

6. A court has discretionary authority to grant a motion to stay. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts generally consider three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)). In this action, these factors weigh against a stay.

7. The first factor—whether granting the stay would simplify the case before the district court—weighs less in favor of a stay after the PTAB has issued its Final Written Decisions. There is no dispute that "[t]he PTAB's decisions have narrowed these cases considerably, as often happens following IPR proceedings." *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2020 WL 6270776, at *2 (D. Del. Oct. 26, 2020). Specifically, the PTAB determined that Defendants had shown by a preponderance of the evidence that claims 1–24 and 26–37 of the '440 patent are unpatentable, claims 1–19 of the '410 patent are unpatentable, and claims 1–19 of the '411 patent are unpatentable. *See* D.I. 63 (citing IPR2021-00482, IPR2021-00483, IPR2021-00484, IPR2021-00485). The PTAB also found that Defendants had not shown that claim 25 of the '440 patent is unpatentable. *Id.* Even while all claims are the subject of the parties' appeals, the case for a stay no longer makes sense on simplification grounds based on B.E.'s representation that it will only assert claim 25 of the '440 patent and will no longer proceed on any other patent claims if revied as a result of its appeals. D.I. 69 (citing D.I. 70, Ex. 1 at 1); *see also* D.I. 72-2 at 1 ("For the avoidance of any confusion, B.E. reiterates: if the stay request is denied B.E. will take the appropriate actions to limit its asserted claims in these actions to only assert claim 25 of the '440 Patent against the Defendants, and any other later-revived patents claims, including claim 1 of the '440 Patent, would not be asserted against Defendants in these or any other cases."). As Plaintiff has taken the issue of "dramatically transform[ing]" the scope of these cases off the table, Defendants' concerns regarding the simplification of these cases are obviated. While it is of course possible that the Federal Circuit will come to a different conclusion than did the PTAB as to claim

4

25 of the '440 patent,[2] the "mere *possibility* (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated [after an] appeal and [that this would] result in simplification is too speculative to be given much weight." *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, C.A. No. 14-1430-LPS-CJB, 2018 WL 1061370, at *2 (D. Del. Feb. 26, 2018) (quoting *Network– 1 Sec. Sols., Inc. v. Alcatel–Lucent USA Inc.*, C.A. No. 11-492, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015)) (emphasis in original); *see also Zoll Med. Corp. v. Respironics, Inc.*, C.A. No. 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015). Accordingly, this factor weighs against a stay.

8. The second factor also weighs against a stay. Although limited discovery has taken place due to the initial stay pending Final Written Decisions of the four IPRs, these cases are not actually in their early stages. *See, e.g., CG Tech.*, C.A. No. 17-1041-CJB, D.I. 272; *Dermafocus LLC v. Ulthera, Inc.*, C.A. No. 15-654-MN, 2018 WL 5113960, at *2 (D. Del. Oct. 19, 2018); *LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, C.A. No. 12-1063-LPS-CJB, 2015 WL 8674901, at *4 (D. Del. Dec. 11, 2015). These cases were filed more than three years ago. Thus, this factor slightly weighs against a stay.

9. With respect to the final factor, Defendants contend that Plaintiff will not suffer any prejudice from the additional time it will take the Federal Circuit to decide Defendants' appeal

---

[2] The Court also notes that the statistical likelihood of the Federal Circuit reversing the PTAB's decision as to claim 25 of the '440 patent is relatively low. *See* D.I. 70, Ex. 3 at 4; *see IOENGINE*, 2020 WL 6270776, at *3. Although the Court understands that there are scenarios in which, if the stay is now lifted and the Federal Circuit vacates or reverses the PTAB's decision as to claim 25 (or as to claims of other asserted patents that the PTAB has found unpatentable), that could complicate matters in this case. "But those are complications that (if they come to pass) Defendants will have to live with, having taken their best shot at the PTAB and lost[]" as to claim 25 of the '440 patent. *See Elm 3DS*, 2018 WL 1061370, at *2; *see also CG Technology Development, LLC et al. v. FanDuel, Inc.*, C.A. No. 17-1041-CJB, D.I. 272 (D. Del. Feb. 27, 2019); *Realtime Data LLC v. Hewlett Packard Entm't. Co.*, C.A. No. 16-86, 2018 WL 3608544, at *3 (E.D. Tex. July 7, 2018).

related to claim 25 of the '440 patent because the '440 patent expired in 2018 and, thus, no additional damages are accruing nor is injunctive relief available. *See* D.I. 67 at 1, 6. While that may be true, Plaintiff has already suffered from delay in its ability to have its allegations of patent infringement adjudicated in this Court. While the parties agree that they are not competitors, *see* D.I. 67 at 1; D.I. 69 at 12, continuing the stay in favor of an appeal here—especially where the relevant decision being appealed favors Plaintiff—would cause Plaintiff some real prejudice. For a Plaintiff who filed this suit over three years ago and who represents that it will only proceed as to claim 25 of the '440 patent—which emerged unscathed in the PTAB —that is a long time to be asked to continue to wait. *See Dermafocus*, 2018 WL 5113960, at *2; *Zoll Med. Corp.*, 2015 WL 4126741, at *1. Moreover, IPR proceedings are statutorily limited in duration, while appeals to the Federal Circuit are not. *See IOENGINE*, 2020 WL 6270776, at *6. For that reason, granting a stay pending appeal subjects the party opposing the stay to an open-ended period of delay, rather than a time-limited period, as in the case of a stay pending an IPR proceeding. *See id.* (citing *Oyster Optics, LLC v. Ciena Corp.*, C.A. No. 17-5920, 2019 WL 4729468 (N.D. Cal. Sept. 23, 2019); *Acquis, LLC v. EMC Corp.*, C.A. No. 14-13560, 2016 WL 4250245, at *2 (D. Mass. Aug. 10, 2016)). Furthermore, because the '440 patent is based on applications and work dating back to the late 1990s, *see* D.I. 69 at 15, there is a genuine concern that witnesses "may become more difficult to find over time," *see SoftView LLC v. Apple Inc.*, C.A. No. 10-cv-389-LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012), or may "suffer from faded memories as time passes," *Personalized User Model, L.L.P. v. Google, Inc.*, C.A. No. 09-525-LPS, 2012 WL 5379106, at *2 (D. Del. Oct. 31, 2012). Accordingly, this factor also weighs against a stay.

10. Thus, given that the pertinent factors weigh against a stay, Defendants' Motions to Stay Pending Appeal (D.I. 66 in C.A. No. 20-621-GBW; D.I. 64 in C.A. No. 20-622-GBW) are **DENIED**.

\* \* \*

WHEREFORE, at Wilmington this 16th day of May, 2023, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Stay Pending Appeal (D.I. 66 in C.A. No. 20-621-GBW) is **DENIED**;

2. Defendants' Motion to Stay Pending Appeal (D.I. 64 in C.A. No. 20-622-GBW) is **DENIED**; and

3. Within seven (7) days of entering this Order, B.E. shall take all appropriate actions to limit its asserted claims in these actions to only assert claim 25 of the '440 patent against the Defendants, including ensuring that any other later-revived claims, including but not limited to claim 1 of the '440 patent, will not be asserted against Defendants in these or any other cases. *See* D.I. 72-2.

GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE