# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| B.E. TECHNOLOGY, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>TWITTER INC.,<br><br>                Defendant. | Civil Action No. 20-621-GBW |
| B.E. TECHNOLOGY, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>                Defendant. | Civil Action No. 20-622-GBW |

Stephen B. Brauerman, Ronald P. Golden III, BAYARD, P.A., Wilmington, Delaware; Mark Raskin, Robert Whitman, Michael DeVincenzo, Charles Wizenfeld, Andrea Pacelli, KING & WOOD MALLESONS LLP, New York, New York.

        *Counsel for Plaintiff B.E. Technology, LLC*

Jack B. Blumenfeld, Brian P. Egan, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Robert A. Van Nest, Eugene M. Paige, David J. Rosen, Taylor Reeves, KEKER, VAN NEST & PETERS LLP, San Francisco, California.

        *Counsel for Defendant Google LLC*

Kelly E. Farnan, RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware; Sonal N. Mehta, Thomas G. Sprankling, WILMER CUTLER PICKERING HALE & DORR LLP, Palo Alto, California; Nora Q.E. Passamaneck, WILMER CUTLER PICKERING HALE & DORR LLP, Denver, Colorado.

    *Counsel for Defendant Twitter, Inc.*

**MEMORANDUM OPINION**

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Pending before the Court is the claim construction of one term in U.S. Patent No. 8,769,440 (the "'440 patent"). Plaintiff B.E. Technology, LLC asserts this patent against Defendants Twitter, Inc., and Google, LLC.

The Court has considered the parties' Joint Claim Construction Brief ("Br. [#]") and the accompanying appendix ("Ex. [#]"). D.I. 94; D.I. 95. The Court held a claim construction hearing on February 1, 2024 ("Tr. [#]").

I.   **LEGAL STANDARD**

"'[T]he claims of a patent define the invention to which the patentee is entitled the right to exclude.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (citation omitted); *Aventis Pharms. Inc. v. Amino Chemicals Ltd.*, 715 F.3d 1363, 1373 (Fed. Cir. 2013) (same). "[T]here is no magic formula or catechism for conducting claim construction." *Phillips*, 415 F.3d at 1324. The Court is free to attach the appropriate weight to appropriate sources "in light of the statutes and policies that inform patent law." *Id.* The ultimate question of the proper construction of a patent is a question of law, although "subsidiary factfinding is sometimes necessary." *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 326–27 (2015); *see Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996) ("the construction of a patent . . . is exclusively within the province of the court.").

Patent claims are presumed to be valid and definite. 35 U.S.C. § 282. A claim term is indefinite under 35 U.S.C. § 112 where, after considering the specification, prosecution history, and extrinsic evidence, the term does not "inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). Indefiniteness is measured "from the viewpoint of a person skilled in the art at the time the patent was filed." *Id.* The claim language must "provide objective boundaries for those of skill in the art." *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371 (Fed. Cir. 2014). However, express definition is not required. *See Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374, 1382-84 (Fed. Cir. 2015).

## II. AGREED-UPON TERMS

The parties agreed upon the construction of the following claim terms (D.I. 94 at 1):

| Claim No. | Claim Term | Agreed-Upon Construction |
|---|---|---|
| Claims 1, 25 | computer | "an apparatus having a processing device that is capable of executing instructions, including devices such as personal computers, laptop computers, and personal digital assistants, as well as set top television boxes, televisions, radios, portable telephones, and other such devices having a processing capability" |
| Claim 1 | Computer usage information | "data concerning a person's use of a computer, including such things as what programs they run, what information resources they access, what time of day or days of the week they use the computer, and so forth" |
| Claim 1 | Network | "a system having at least two computers in communicable connection, including intranets, personal networks, virtual private networks, and global public networks such as the Internet" |

3

| Claim No. | Claim Term | Agreed-Upon Construction |
|---|---|---|
| Claim 1 | Server | "a computer on a network that stores information and that answers requests for information" |

The Court will adopt these agreed-upon constructions.

## III.  DISPUTED TERM

| Claim No. | Claim Term | Plaintiff's Construction | Defendants' Construction | Court's Construction |
|---|---|---|---|---|
| Claim 25 | Real time | Not indefinite; no construction necessary. | Indefinite. | Not indefinite; plain and ordinary meaning which is "at the time of user interaction or immediately following" |

The only disputed term in the '440 patent is "real time," in claim 25. Neither party advances a construction: Defendants argue that "real time" is indefinite, while Plaintiff argues it is not indefinite, and needs no construction. Br. 2. Defendants make two arguments: (1) that the term is indefinite because it is not clear how claim 25 (a dependent claim of claim 1) differs from either claim 1 or claim 27; or (2) the term is indefinite because it does not provide a sufficiently clear description of how current an action must be to be in "real time." The Court addresses each argument in turn and finds that "real time" is not indefinite.

### A.  "Real Time" is Not Indefinite for Lack of Scope Differentiation.

Defendants' primary argument is that "real time" is indefinite because it is unclear how "real time" distinguishes dependent claim 25 from either independent claim 1 or dependent claim 27. The '440 patent as a whole is directed to "a method of reactive targeted advertising

4

provid[ing] for display of advertising, via the internet, to computers of users." '440 patent at Abstract. Defendants argue that claim 1 of the patent is directed to "real time" targeting. Br. 19. Claim 25 claims "[t]he method of claim 1, further comprising the step of providing reactive targeting of advertising to the user in real time by selecting and presenting an advertisement based at least in part on user interaction with the computer." '440 patent at claim 25. Claim 27 claims "the method of claim 1, further comprising the step of presenting one or more display objects on the computer based at least in part on the user's current interaction with the computer." *Id.* at claim 27. Defendants argue that claims 1, 25, and 27 all have the same meaning, so a person of ordinary skill in the art would be unsure how "real time" adds to claim 25. Br. 19.

Even assuming Defendants are entirely correct about the scope of the claims-at-issue, Defendants provide no authority supporting the proposition that a Court should find a dependent claim indefinite when it claims overlapping subject matter with either an independent claim or another dependent claim. Indeed, the Court has found no authority supporting this proposition, and voluminous authority rebutting it. *See, e.g., Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA Inc.*, No. 07-2392, 2008 WL 6071708, at *11 (S.D. Tx. Oct. 22, 2008) ("[T]he fact that multiple terms are used to describe the same operation or function does not render the claims invalid due to indefiniteness."); *Plastipak Packaging v. Niagara Bottling, LLC*, No. 117CV1463AJTMSN, 2018 WL 10483856, at *4 (E.D. Va. Aug. 23, 2018) (rejecting an indefiniteness argument based on claim differentiation, and construing two claims to have the same meaning); *Pilot Energy Sols., L.L.C. v. OXY USA Inc.*, No. A-16-CA-00687-SS, 2017 WL 3726432 (W.D. Tex. Aug. 25, 2017) (same); *Riddell, Inc. v. Kranos Corp.*, No. 16 C 4496, 2017 WL 2264347, at *11 (N.D. Ill. May 24, 2017) (same, where "the plain and ordinary meanings of

the two phrases" were "identical or virtually so and do not justify ascribing different definitions."); *Mallinckrodt LLC v. Actavis Lab'ys Fl., Inc.*, No. 215CV3800KSHCLW, 2017 WL 1882493, at *10 (D.N.J. May 9, 2017) (same, and noting that "where inventors use terms interchangeably in the specification and the intrinsic evidence demonstrates that the terms should have the same meaning, courts have held that the clear intention of the inventors overrides the claim differentiation doctrine."); *see also Curtiss-Wright Flow Control Corp. v. Velan, Inc.*, 438 F.3d, 1374, 1380 (Fed. Cir. 2006) ("Claim drafters can [] use different terms to define the exact same subject matter. Indeed[,] this court has acknowledged that two claims with different terminology can define the exact same subject matter."). The Court follows this line of authority: that two claims may have the same meaning does not inherently render them indefinite. Thus, Defendants' primary argument fails as a matter of law.

Even if Defendants were correct that a dependent claim is indefinite when it claims overlapping subject matter with either an independent claim or another dependent claim, Defendants have failed to show that claim 25 is coterminous with claim 1 or claim 27. First, unlike claim 25, claim 1 includes no temporal limitation. The plain language of claim 1, unlike claim 25, never requires "selecting" and "presenting" an advertisement in real time or based on current user interaction. Thus, a person of ordinary skill in the art would see the terms as claiming different scopes. That portions of the specification describe real time advertising is immaterial: limitations from the specification may not override the plain and ordinary meaning of a claim, absent a patentee acting as their own lexicographer or a clear disavowal of claim scope. *Phillips*, 415 F.3d at 1319. Defendants have not alleged that the patentee acted as their own lexicographer, nor have they alleged clear disavowal of claim scope. Thus, a person of

ordinary skill in the art would read claim 25 as distinct from claim 1: claim 25 includes the temporal limitation of "real time."

Claim 27 does contain a temporal limitation ("current user interaction") but is still distinct from claim 25. The PTAB recognized this difference, stating that "[c]laim 27 does not require reactive targeting of advertising by selecting and presenting an advertisement in real time, as recited in claim 25. Further, [] claim 27 is not limited to presenting advertising, but recites more broadly presenting 'display objects.' Claim 27 thus requires presenting a display object based on current interaction." Ex. 4, IPRR 2021-00482, Final Written Decision at 100-101. The Court agrees with the PTAB on both distinctions and finds that the plain language of claim 27 is different from claim 25. Claim 27 does not require that the selection occur in real time and does not require that the displayed object be advertising. Thus, a person of ordinary skill in the art would recognize that claim 25 includes limitations absent in claim 27 and would understand "real time" to not be indefinite. Accordingly, the Court finds that claim 25 is not indefinite for failure to adequately explain to a person of ordinary skill how the scope of the claim differs from the scope of any other claim in the patent.

### B. "Real Time" is Not Indefinite for Lack of Boundary.

In the alternative, Defendants argue that the scope of "real time" is unclear, because the boundaries of "real time" are unclear and could include interactions from hours later. Br. 23. Courts have routinely rejected arguments that "real time" is indefinite due to lack of specificity of the amount of permissible delay. *See, e.g., Treehouse Avatar LLC v. Valve Corp.*, No. C-17-1860-RAJ, 2019 WL 6310647, at *5 (W.D. Wash. Nov. 25, 2019) (construing "real time" as "without any lag perceived by the user"); *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-CV-04738-WHO, 2018 WL 3428606, at *2-4 (N.D. Cal. July 16, 2018) (construing "real time" as

"virtually immediately"). Defendants provide no evidence that the scope of the claim could include actions taken hours later, beyond their own hypothetical. The Court finds that one of ordinary skill in the art would understand "real time" to mean at the time of user interaction, or immediately following. This finding is supported by the specification, which describes targeting in "real time" as display of advertising "relevant to what the user is doing at any particular time." '440 patent at 20:18-31. It is supported by technical dictionaries, which define "real time" as "[t]he actual time in the real world during which an event takes place." Ex. 11, Authoritative Dictionary of IEEE Standard Terms at 933 (2000). *Cf.* Ex. 12, Webster's New World Dictionary of Computer Terms at 438 (6th ed. 1997) (defining "real time" as "[t]he immediate processing of input, such as a point-of-sale transaction."). It is supported by Defendants' own expert, who testified during the IPR that "a person of ordinary skill would definitely understand" "real time" to mean "in the here and now." Ex. 8, IPR2021-00482, Houh Tr. at 199:4-200:10. The Court does not find any reason to depart from the plain and ordinary meaning of "real time"—it would be readily understandable to a person of ordinary skill in the art that "real time" does not include actions taken hours later. The term "real time" is not indefinite because the patentee did not describe the precise permissible delay. *See Sonix Tech. Co. v. Publications Int'l, Ltd.*, 844 F.3d 1370, 1377 (Fed. Cir. 2017) ("'[A] patentee need not define his invention with mathematical precision in order to comply with the definiteness requirement.'") (quoting *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1384 (Fed. Cir. 2005)); *see also Nautilus*, 572 U.S. at 899 ("absolute precision is unattainable").

Accordingly, the Court finds that "real time" is not indefinite and has its plain and ordinary meaning. One of ordinary skill in the art would understand "real time" to mean "at the time of user interaction or immediately following."

8

## IV.   CONCLUSION

The Court will adopt the parties' agreed-upon constructions and construe the disputed claim term as described above. The Court will issue an Order consistent with this Memorandum Opinion.

Date: February 13, 2024